## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| WILLIAM A. BOWERS,<br><br>        Plaintiff,<br>    v.<br><br>CAMDEN COUNTY JAIL and<br>CAMDEN COUNTY<br>CORRECTIONAL FACILITY,<br><br>        Defendants. | HONORABLE JEROME B. SIMANDLE<br><br><br>Civil Action<br>No. 16-cv-09232 (JBS-AMD)<br><br>**OPINION** |

APPEARANCES

William A. Bowers, Plaintiff Pro Se
39 Grant Lane
Berlin, NJ 08009

**SIMANDLE, Chief District Judge:**

1.    Plaintiff William A. Bowers seeks to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for allegedly unconstitutional conditions of confinement against defendants Camden County Jail ("CCJ"), Camden County ("CC"), Camden County Correctional Facility ("CCCF"), and the jail physician ("CCJ/CCCF Physician") who attended to Plaintiff while incarcerated regarding the medications with which Plaintiff purportedly arrived at the jail. Complaint, Docket Entry 1.

2.    28 U.S.C. § 1915(e)(2) requires courts to review complaints prior to service in cases in which a plaintiff is proceeding *in forma pauperis*. Courts must *sua sponte* dismiss any

claim that is frivolous, is malicious, fails to state a claim

upon which relief may be granted, or seeks monetary relief from

a defendant who is immune from such relief. This action is

subject to *sua sponte* screening for dismissal under 28 U.S.C. §

1915(e)(2)(B) because Plaintiff is proceeding *in forma pauperis*.

3.   For the reasons set forth below, the Court will: (1)

dismiss the Complaint with prejudice as to claims made against

CCJ and CCCF; and (2) dismiss the Complaint without prejudice

for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

### Claims Against CCJ and CCCF: Dismissed With Prejudice

4.   Plaintiff brings this action pursuant to 42 U.S.C.

§ 1983[1] for alleged violations of Plaintiff's constitutional

rights. In order to set forth a *prima facie* case under § 1983, a

plaintiff must show: "(1) a person deprived him of a federal

right; and (2) the person who deprived him of that right acted

under color of state or territorial law." *Groman v. Twp. of

Manalapan*, 47 F.3d 628, 633 (3d Cir. 1995) (citing *Gomez v.

Toledo,* 446 U.S. 635, 640 (1980)).

---

[1] Section 1983 provides: "Every person who, under color of any
statute, ordinance, regulation, custom, or usage, of any State .
. . subjects, or causes to be subjected, any citizen of the
United States or other person within the jurisdiction thereof to
the deprivation of any rights, privileges, or immunities secured
by the Constitution and laws, shall be liable to the party
injured in an action at law, suit in equity, or other proper
proceeding for redress . . . ." 42 U.S.C. § 1983.

5.    Generally, for purposes of actions under § 1983,
"[t]he term 'persons' includes local and state officers acting
under color of state law." *Carver v. Foerster*, 102 F.3d 96, 99
(3d Cir. 1996) (citing *Hafer v. Melo,* 502 U.S. 21 (1991)).[2] To
say that a person was "acting under color of state law" means
that the defendant in a § 1983 action "exercised power [that the
defendant] possessed by virtue of state law and made possible
only because the wrongdoer [was] clothed with the authority of
state law." *West v. Atkins*, 487 U.S. 42, 49 (1988) (citation
omitted). Generally, then, "a public employee acts under color
of state law while acting in his official capacity or while
exercising his responsibilities pursuant to state law." *Id.*
at 50.

6.    Because the Complaint has not sufficiently alleged
that a "person" deprived Plaintiff of a federal right, the
Complaint does not meet the standards necessary to set forth a
*prima facie* case under § 1983. In the Complaint, Plaintiff seeks
monetary damages from CCJ and CCCF for allegedly
unconstitutional conditions of confinement. The CCJ and CCCF,
however, are not "persons" within the meaning of § 1983;

---

[2] "Person" is not strictly limited to individuals who are state
and local government employees, however. For example,
municipalities and other local government units, such as
counties, also are considered "persons" for purposes of § 1983.
*See Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658,
690-91 (1978).

therefore, the claims against them must be dismissed with prejudice. *See Crawford v. McMillian*, 660 F. App'x 113, 116 (3d Cir. 2016) ("[T]he prison is not an entity subject to suit under 42 U.S.C. § 1983.") (citing *Fischer v. Cahill*, 474 F.2d 991, 992 (3d Cir. 1973)); *Grabow v. Southern State Corr. Facility*, 726 F. Supp. 537, 538-39 (D.N.J. 1989) (correctional facility is not a "person" under § 1983). Given that the claims against the CCJ and CCCF must be dismissed with prejudice, the claims may not proceed and Plaintiff may not name the CCJ and CCCF as defendants.

7.    Plaintiff may be able to amend the Complaint to name a person or persons who were personally involved in the alleged unconstitutional conditions of confinement, however. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.

### Conditions Of Confinement Claims - Overcrowding: Dismissed Without Prejudice

8.    Second, for the reasons set forth below, the Court will dismiss the Complaint without prejudice for failure to state a claim. 28 U.S.C. § 1915(e)(2)(b)(ii).

9.    The present Complaint does not allege sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915. Even accepting the statements in Plaintiff's

Complaint as true for screening purposes only, there is not

enough factual support for the Court to infer a constitutional

violation has occurred.

10.   To survive *sua sponte* screening for failure to state a

claim[3], the Complaint must allege "sufficient factual matter" to

show that the claim is facially plausible. *Fowler v. UPMS*

*Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) (citation omitted).

"A claim has facial plausibility when the plaintiff pleads

factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct

alleged." *Fair Wind Sailing, Inc. v. Dempster*, 764 F.3d 303, 308

n.3 (3d Cir. 2014). "[A] pleading that offers 'labels or

conclusions' or 'a formulaic recitation of the elements of a

cause of action will not do.'" *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S.

544, 555 (2007)). Moreover, while *pro se* pleadings are liberally

construed, "*pro se* litigants still must allege sufficient facts

---

[3] "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Samuels v. Health Dep't*, No. 16-1289, 2017 WL 26884, slip op. at *2 (D.N.J. Jan. 3, 2017) (citing *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012)); *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)); *Mitchell v. Beard*, 492 F. App'x 230, 232 (3d Cir. 2012) (discussing 28 U.S.C. § 1997e(c)(1)); *Courteau v. United States*, 287 F. App'x 159, 162 (3d Cir. 2008) (discussing 28 U.S.C. § 1915A(b)).

in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013) (citation omitted) (emphasis added).

11.  A complaint must plead sufficient facts to support a reasonable inference that a constitutional violation has occurred in order to survive this Court's review under § 1915.

12.  However, with respect to the alleged facts giving rise to Plaintiff's claims, the Complaint states: "Jail was overcrowded, forced to sleep on floor." Complaint § III(C).

13.  Plaintiff states that these events occurred during: "2015." *Id*. § III(B).

14.  Plaintiff states that he suffered "scars, bruises, a black eye, and mental and physical anguish" from these events. *Id*. § IV.

15.  Plaintiff seeks $4,800 in relief. *Id*. § V.

16.  Even construing the Complaint as seeking to bring a civil rights complaint pursuant to 42 U.S.C. § 1983 for alleged prison overcrowding, any such purported claims must be dismissed because the Complaint does not set forth sufficient factual support for the Court to infer that a constitutional violation has occurred.

17.  The mere fact that an individual is lodged temporarily in a cell with more persons than its intended design does not rise to the level of a constitutional violation. *See Rhodes v.*

*Chapman*, 452 U.S. 337, 348–50 (1981) (holding double-celling by itself did not violate Eighth Amendment); *Carson v. Mulvihill*, 488 F. App'x 554, 560 (3d Cir. 2012) ("[M]ere double-bunking does not constitute punishment, because there is no 'one man, one cell principle lurking in the Due Process Clause of the Fifth Amendment.'" (quoting *Bell v. Wolfish*, 441 U.S. 520, 542 (1979))). More is needed to demonstrate that such crowded conditions, for a pretrial detainee, shocks the conscience and thus violates due process rights. *See Hubbard v. Taylor*, 538 F.3d 229, 233 (3d Cir. 2008) (noting due process analysis requires courts to consider whether the totality of the conditions "cause[s] inmates to endure such genuine privations and hardship over an extended period of time, that the adverse conditions become excessive in relation to the purposes assigned to them."). Some relevant factors are the length of the confinement(s), whether plaintiff was a pretrial detainee or convicted prisoner, any specific individuals who were involved in creating or failing to remedy the conditions of confinement, any other relevant facts regarding the conditions of confinement, etc.

18.  Plaintiff may be able to amend the Complaint to particularly identify adverse conditions that were caused by specific state actors, that caused Plaintiff to endure genuine privations and hardship over an extended period of time, and

that were excessive in relation to their purposes. To that end, the Court shall grant Plaintiff leave to amend the Complaint within 30 days of the date of this order.[4]

19.   Moreover, Plaintiff has not pled sufficient facts to impose liability on Camden County. "There is no *respondeat superior* theory of municipal liability, so a city may not be held vicariously liable under § 1983 for the actions of its agents. Rather, a municipality may be held liable only if its policy or custom is the 'moving force' behind a constitutional violation." *Sanford v. Stiles*, 456 F.3d 298, 314 (3d Cir. 2006) (citing *Monell v. N.Y.C. Dep't of Social Services*, 436 U.S. 658, 691 (1978)). *See also Collins v. City of Harker Heights*, 503 U.S. 115, 122 (1992) ("The city is not vicariously liable under § 1983 for the constitutional torts of its agents: It is only liable when it can be fairly said that the city itself is the wrongdoer."). Plaintiff must plead facts showing that the relevant Camden County policy-makers are "responsible for either the affirmative proclamation of a policy or acquiescence in a well-settled custom." *Bielevicz v. Dubinon*, 915 F.2d 845, 850 (3d Cir. 1990).[5] In other words, Plaintiff must set forth facts

---

[4] The amended complaint shall be subject to screening prior to service.
[5] "Policy is made when a decisionmaker possess[ing] final authority to establish municipal policy with respect to the action issues an official proclamation, policy, or edict. Government custom can be demonstrated by showing that a given

supporting an inference that Camden County itself was the

"moving force" behind the alleged constitutional violation.

*Monell*, 436 U.S. at 689.

20. Plaintiff is further advised that any amended

complaint must plead specific facts regarding the conditions of

confinement. In the event Plaintiff files an amended complaint,

Plaintiff must plead sufficient facts to support a reasonable

inference that a constitutional violation has occurred in order

to survive this Court's review under § 1915.[6]

21. Plaintiff should note that when an amended complaint

is filed, the original complaint no longer performs any function

in the case and cannot be utilized to cure defects in the

---

course of conduct, although not specifically endorsed or
authorized by law, is so well-settled and permanent as virtually
to constitute law." *Kirkland v. DiLeo*, 581 F. App'x 111, 118 (3d
Cir. 2014) (internal quotation marks and citations omitted)
(alteration in original).

[6] To the extent the Complaint seeks relief for conditions
Plaintiff encountered prior to December 14, 2014, those claims
are barred by the statute of limitations. Claims brought under §
1983 are governed by New Jersey's two-year limitations period
for personal injury. *See Wilson v. Garcia*, 471 U.S. 261, 276
(1985); *Dique v. N.J. State Police*, 603 F.3d 181, 185 (3d Cir.
2010). "Under federal law, a cause of action accrues when the
plaintiff knew or should have known of the injury upon which the
action is based." *Montanez v. Sec'y Pa. Dep't of Corr.*, 773 F.3d
472, 480 (3d Cir. 2014). The allegedly unconstitutional
conditions of confinement would have been immediately apparent
to Plaintiff; therefore, the statute of limitations on some of
Plaintiff's claims expired two years after release from
incarceration. In the event Plaintiff elects to file an amended
complaint, it should be limited to confinements in which
Plaintiff was released after December 14, 2014.

amended complaint, unless the relevant portion is specifically incorporated in the new complaint. 6 Wright, Miller & Kane, Federal Practice and Procedure 1476 (2d ed. 1990) (footnotes omitted). An amended complaint may adopt some or all of the allegations in the original complaint, but the identification of the particular allegations to be adopted must be clear and explicit. *Id.* To avoid confusion, the safer course is to file an amended complaint that is complete in itself. *Id.* The amended complaint may not adopt or repeat claims that have been dismissed with prejudice by the Court.

## Conditions Of Confinement Claim - Inadequate Medical Care: Dismissed Without Prejudice

22.  Construing the Complaint to assert § 1983 claims in relation Plaintiff's contention that his "psychiartic [*sic*] told me never to just stop taking meds that I could die. Prison doctor told me he had my meds but he wouldn't give them to me. I was sick for the time I was there" (Complaint § IV), such statements are insufficient to allege constitutional violations as to conditions of confinement. The Court will dismiss without prejudice the Plaintiff's claims of failure to provide adequate medical care.

23.  As an initial matter, Plaintiff's non-specific assertion that he was denied "my meds" (Complaint § IV) is insufficient to meet the pleading standard in the absence of any

facts. A mere assertion that jail facility medical staff did not give out medication is insufficient to meet the pleading standard in the absence of additional facts. *See*, *e.g.*, *Potter v. Fraser*, No. 10-4200, 2011 WL 2446642, at \*5 (D.N.J. June 13, 2011) ("Drug use in jails or prison facilities is certainly of the utmost concern to jail and prison authorities. The potential for jail or prison disruption caused by the presence of drugs is well-known. Thus, jail authorities have a legitimate security concern in limiting exposure of inmates to drugs, even those administered on a controlled basis") (citing *Inmates of Allegheny Cty. Jail v. Pierce*, 612 F.2d 754, 761 (3d Cir. 1979)).

24.    With respect to Plaintiff's contention that "prison dr wouldn't give them [my meds] to me" (Complaint § IV), Plaintiff offers no facts to satisfy either of the two prongs of a Fourteenth Amendment inadequate medical care claim: *i.e.*, (a) the "serious condition" prong; and (b) the "deliberate indifference" prong. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 582 (3d Cir. 2003). Since "the Due Process rights of a pre-trial detainee are at least as great as the Eighth Amendment protections available to a convicted prisoner," *Reynolds v. Wagner*, 128 F.3d 166, 173 (3d Cir. 1997), the Eighth Amendment sets the floor for the standard applicable to pre-trial

detainees' claims. *Bell v. Wolfish*, 441 U.S. 520, 544 (1979).

Thus, a failure of prison officials to provide minimally civil

conditions of confinement to pre-trial detainees, or deliberate

indifference to a serious medical need of such detainees,

violates their right not to be punished without due process of

law. *Reynolds*, 128 F.3d at 173-74; *Monmouth Cnty. Corr.*

*Institution Inmates v. Lanzaro*, 834 F.2d 326, 345-46, n. 31 (3d

Cir. 1987); *Estelle*, 429 U.S. at 104; *Farmer v. Brennan*, 511

U.S. 825, 835 (1994).

25.   As to the first requisite, Plaintiff's Complaint here

sets forth no facts whatsoever establishing that he suffered

from any particular condition that satisfies the "serious

condition" prong of a Fourteenth Amendment claim (*Estelle*, 429

U.S. at 106; *Natale*, 318 F.3d at 582): *i.e.*, the Complaint

offers no facts at all that Plaintiff had a condition that: "(1)

has been diagnosed by a physician as requiring treatment"; (2)

"was so obvious that a lay person would recognize the necessity

for a doctor's attention"; or (3) was a condition for which "the

denial of treatment would result in the unnecessary and wanton

infliction of pain" or "a life-long handicap or permanent loss."

*Atkinson v. Taylor*, 316 F.3d 257, 272-73 (3d Cir. 2003)

(internal quotations and citations omitted).

26.   The Complaint is silent with respect to facts relevant

to demonstrating "serious condition," such as: the name or class

of medication with which Plaintiff purportedly entered into incarceration; the nature and severity of Plaintiff's supposed medical condition that allegedly required uninterrupted dosage of a particular type or brand of medication; whether, when and to whom Plaintiff communicated such condition and medicinal need to jail personnel; and Plaintiff's medical history of frequency, duration and dosage of such medication. (The foregoing examples are merely illustrative but not exhaustive or exclusive.) *See Maldonado v. Terhune,* 28 F. Supp.2d 284, 289 (D.N.J. 1998). In short, Plaintiff does not allege that he has ever actually been diagnosed with any condition requiring a particular medication or that such purported condition was so obvious that a lay person would recognize the necessity for particular medication. Accordingly, Plaintiff has not satisfied *Estelle*'s "serious condition" element for a Fourteenth Amendment claim.

27.  As to the second requisite, Plaintiff's Complaint sets forth no facts establishing that his experience obtaining "meds" (Complaint § IV) while incarcerated satisfies the "deliberate indifference" prong of a Fourteenth Amendment claim. *Estelle*, 429 U.S. at 106. This second *Estelle* element "requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need." *Holder v. Merline*, No. 05-1024, 2005 WL 1522130, at *4 (D.N.J. June 27, 2005) (citing *Natale*, 318 F.3d at 582) (finding deliberate indifference requires proof

that the official knew of and disregarded an excessive risk to inmate health or safety). Conduct that constitutes negligence does not rise to the level of deliberate indifference; rather, deliberate indifference is a "reckless disregard of a known risk of harm." *Holder*, 2005 WL 1522130, at *4 (citing *Farmer*, 511 U.S. at 836). Courts have found deliberate indifference "in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence[.] *Nicini v. Morra,* 212 F.3d 798, 815 n.14 (3d Cir. 2000)." *Natale*, 318 F.3d at 582.

28.　In the context of detainees alleging claims related to medical conditions, the Due Process Clause of the Fourteenth Amendment incorporates the protections of the Eighth Amendment, including the latter's "deliberate indifference" standard, such that "substantive due process rights are violated only when 'the behavior of the governmental officer is so egregious, so outrageous, that it may fairly be said to shock the conscience.'" *Callaway v. New Jersey State Police Troop A*, No. 12-5477, 2015 WL 1202533, at *4 (D.N.J. Mar, 17, 2015) (citing *Cnty. of Sacramento v. Lewis,* 523 U.S. 833, 846–47, n.8 (1998)). *See also Jacobs v. Cumberland Cnty. Dep't of Corr.*, No. 09-0133, 2010 WL 5141717, at *4 (D.N.J. Dec. 8, 2010) ("When executive action is at issue, a violation of the Fourteenth Amendment right to substantive due process may be shown by conduct that

14

'shocks the conscience'") (citing *A.M. ex rel. J.M.K. v. Luzerne County Juvenile Detention Ctr.,* 372 F.3d 572, 579 (3d Cir. 2004)); *Bocchino v. City of Atlantic City*, 179 F. Supp.3d 387, 403 (D.N.J. 2016); *Holder*, 2005 WL 1522130, at *3 (D.N.J. June 27, 2005) (citing *Simmons v. City of Philadelphia,* 947 F.2d 1042, 1067 (3d Cir. 1991), *cert. denied,* 503 U.S. 985 (1992)).

29.  Here, Plaintiff's bare allegation that "prison dr to[ld] me he had my meds but wouldn't give them to me" (Complaint § IV) is insufficient, without more, to establish "deliberate indifference" for a Fourteenth Amendment claim under *Estelle.*

30.  For example, Plaintiff sets forth no allegations as to: whether he informed jail personnel of his pertinent medical history or of a particular health condition that required the uninterrupted use of the certain medication for reasons of medical necessity; whether jail personnel then purposely denied such item to Plaintiff; whether Plaintiff informed jail personnel of the particular reason why he required the certain medication at issue; or whether the medication that Plaintiff purportedly brought with him into the jail was approved for use by inmates within the facility in the first instance. *See*, *e.g.*, *Coletta v. Bd. of Freeholders*, No. 06-585, 2007 WL 128893, at *2, *7 (D.N.J. Jan. 12, 2007) ("[Plaintiff's] only claim concerning his medicine is that he was not given the Percocet

15

prescribed to him by [a physician outside the jail]. The County

Jail's policy or practice of not providing prisoners with

Percocet and instead supplying non-narcotic pain relievers does

not so violate 'evolving standards of decency' as to amount to

deliberate indifference. *Estelle*, 429 U.S. at 106. Percocet is

not available for inmates of the County Jail. Percocet is a

narcotic, whereas Darvocet is a non-narcotic pain reliever, and

the County Jail does not administer narcotics to inmates. It is

the policy of Community Health Services, which provides staffing

to meet the medical needs of the County Jail, to 'stringently

restrict[ ] the use and administration of controlled substances

to the greatest extent possible within the confines of sound

practice of medicine.' It is also the policy that any

'prescription brought in by the inmate should be reviewed by the

CHS physician and replaced as soon as a CHS prescription is

filled or the physician denies filling that prescription'");

*Ellerman v. Woodward*, No. 15-476, 2015 WL 715561, at *3-4

(D.N.J. Feb. 19, 2015) ("Plaintiff's specific allegations

against Dr. Reddy, for reducing or discontinuing an unspecified

pain medication without performing a physical examination, do

not, without more, rise to the level of a constitutional

violation. *See White v. Napoleon*, 897 F.2d 103, 110 (3d Cir.

1990) (mere disagreement with medical treatment does not state a

constitutional violation) . . . The allegations are [also]

deficient because Plaintiff does not allege facts to establish

deliberate indifference by any particular defendant involved

with the decision not to renew his prescription for Norco");

*Elcheikhali v. C.C.A.*, No. 09-1618, 2009 WL 1545557, at *7

(D.N.J. June 9, 2009) ("Plaintiff disagreed with the medication

prescribed because it was not Paxil. Thus, it would appear that

Plaintiff was simply dissatisfied with the type of treatment he

was receiving, namely, a medication different from Paxil, but

nevertheless, a medication used to treat Plaintiff's anxiety and

panic disorders. As referenced above, 'mere disagreements over

medical judgment do not state [constitutional] claims.' *White,*

897 F.2d at 110. Therefore, even if the medical judgment

concerning the type of medication prescribed for Plaintiff is

later determined to be wrong, at most what might be proved is

medical malpractice and not [a constitutional] violation");

*Potter*, 2011 WL 2446642, at *5 ("Assuming that drug withdrawal

and Hepatitis C are serious medical needs, as written, the

Complaint fails to state a § 1983 medical care claim because the

facts alleged in the Complaint do not show deliberate

indifference. Plaintiff alleges that [the jail physician] did

not prescribe medication for Plaintiff's withdrawal, but

Plaintiff does not specify why he believed he needed medication

and what medication he needed. Moreover, Plaintiff does not

assert facts showing the severity of any symptoms, or that he

complained to medical staff about certain symptoms, and his symptoms were ignored. Under these circumstances, Plaintiff has not plausibly asserted facts showing that any defendant was deliberately indifferent to his drug withdrawal symptoms").

31.  Analogous to *Potter*, the severity of Plaintiff's unspecified medical condition in this case that would purportedly require only a particular type of uninterrupted medication is also unclear from Plaintiff's allegations. The Complaint is silent with respect to whether CCJ personnel knew that Plaintiff claimed to suffer from such a condition or whether such condition was obvious. *See*, *e.g.*, *Mattern v. City of Sea Isle*, 131 F. Supp.3d 305, 316 (D.N.J. 2015) (citing *Nicini*, 212 F.3d at 815 n.14) ("[T]he Third Circuit has found deliberate indifference in situations where there was 'objective evidence that [a] plaintiff had serious need for medical care,' and prison officials ignored that evidence").

32.  As noted above, disagreement with the kind of medical care administered does not state a viable claim for relief. *Innis v. Wilson*, 334 F. App'x 454, 456-57 (3d Cir. 2009). *See also Spruill v. Gillis*, 372 F.3d 218, 235 (3d Cir. 2004) ("mere disagreement as to the proper medical treatment" is insufficient to state a constitutional violation). A prisoner is not entitled to the medical treatment of his choice. *See Reed v. Cameron*, 380 F. App'x 160, 162 (3d Cir. 2010) (dissatisfaction with prison

18

medical care is insufficient to show deliberate indifference) (citing *Monmouth Cnty.*, 834 F.2d at 346).

33.  Therefore, Plaintiff has failed to state a conditions of confinement cause of action under the Fourteenth Amendment for inadequate medical care while incarcerated. These claims will be dismissed without prejudice, with leave to amend the Complaint within 30 days of the date of this opinion and order to meet the pleading deficiencies noted above, if Plaintiff elects to pursue this claim.

## Conclusion

34.  For the reasons stated above, the Complaint is: (a) dismissed with prejudice as to the CCJ and CCCF; and (b) dismissed without prejudice for failure to state a claim.

35.  An appropriate order follows.


**April 26, 2017**           **s/ Jerome B. Simandle**
Date                        JEROME B. SIMANDLE
                               Chief U.S. District Judge